# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALI KNOX, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| CITY OF CHICAGO POLICE OFFICER ) | SUPPLEMENTAL CLAIMS |
| DAVID SALGADO, STAR NO. 16347, ) | |
| SERGEANT XAVIER ELIZONDO, ) | **JURY DEMANDED** |
| STAR NO. 1340, and the CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Ali Knox was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, City of Chicago Police Officer David Salgado, Star No. 16347 ("Salgado"), was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Sergeant Xavier Elizondo, Star No. 1340 ("Elizondo"), was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

7. On or about March 31, 2017, Plaintiff was near the location of 7854 S. Coles Avenue, in the City of Chicago, Cook County, State of Illinois.

8. Plaintiff was inside of his apartment located 7854 S. Coles Avenue.

9. On that day and place Defendants Salgado and Elizondo were on patrol in the area due to multiple homicides that occurred in the area prior to March 31, 2017.

10. On March 31, 2017, Defendant Salgado made forced entry into Plaintiff's apartment without a warrant or any other legal cause.

11. Upon entry into Plaintiff's apartment, Defendant Salgado, Elizondo and others conducted a search of Plaintiff's home.

12. There was no legal cause for Salgado and Elizondo to search Plaintiff's home.

13. Upon entering and searching Plaintiff's home, Defendants claim to have located a weapon and narcotics in Plaintiff's home.

14. Plaintiff did not possess a weapon or narcotics in his home on March 31, 2017.

15. Defendants Salgado and Elizondo seized the Plaintiff and took him to the Third District Station where he was questioned about the multiple homicides that took place earlier in March 2017 in the area of 7854 S. Coles Avenue, Chicago, Illinois.

16. Plaintiff did not consent to being seized.

17. There was no legal cause to seize Plaintiff.

18. After seizing Plaintiff, Defendants Salgado and Elizondo charged Plaintiff with the crimes of possession of a controlled substance with intent to deliver, unlawful use of a weapon by a felon and possession of cannabis with intent to deliver.

19. All criminal charges against Plaintiff were dismissed in Plaintiff's favor in a manner indicative of innocence.

20. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

21. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
**Plaintiff Against Salgado and Elizondo for ILLEGAL SEARCH and SEIZURE**

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24. By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

25. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's home was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner on March 31, 2017: (1) the forcible entry and search of Plaintiff's home; (2) forcibly entering the home without first knocking and announcing their office; (3) causing excessive and unnecessary property damage to the Plaintiff's home and personal property contained therein; (4) seizing Plaintiff's property without just cause; and (5) seizing Plaintiff without just cause.  These acts were in violation of the Plaintiff's Fourth Amendment rights.  Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
**Plaintiff Against Salgado and Elizondo and the City of Chicago For
The Supplemental Claim Of TRESPASS**

26. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully alleged at this place.

27. The Individual Defendants committed the tort of trespass when they entered Plaintiff's home without permission or authority on March 31, 2017.

28. The City of Chicago is liable to Plaintiff for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior*.

4

## COUNT III
### Plaintiff Against Salgado and Elizondo and the City of Chicago for the Supplemental Claim of MALICIOUS PROSECUTION

29. Plaintiff incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

30. On March 31, 2017, Salgado and Elizondo caused a criminal prosecution to commence against Plaintiff.

31. Salgado and Elizondo, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

32. Salgado and Elizondo initiated, facilitated, and/or continued these malicious prosecutions by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by providing false witness statements.

33. The criminal proceedings terminated in the Plaintiff's favor in a manner indicative of innocence.

34. The City of Chicago is liable to Plaintiff for the acts of Salgado and Elizondo pursuant to the doctrine of *respondeat superior*.

35. Therefore, Salgado, Elizondo and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

       BY: s/ Jonathan R. Ksiazek
          Jonathan R. Ksiazek
          ED FOX & ASSOCIATES, LTD.
          Attorneys for Plaintiff
          300 West Adams, Suite 330
          Chicago, Illinois 60606
          (312) 345-8877
          jksiazek@efoxlaw.com